UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JEREMIE SMITH,

                Plaintiff,

                                      CASE #13-CV-6127-FPG

v.

                                      DECISION AND ORDER

COMMISSIONER BRIAN FISCHER, et al.,

                Defendants.

---

JEREMIE SMITH,

                Plaintiff,

                                      CASE # 13-CV-6208-FPG

v.

                                      DECISION AND ORDER

COMMISSIONER BRIAN FISCHER, et al.,

                Defendants.

---

*Pro Se* Plaintiff Jeremie Smith commenced two lawsuits in this court within a month of each other, which were assigned docket numbers 13-CV-6127 and 13-CV-6208. Both lawsuits contain allegations that occurred during Plaintiff's confinement in the New York State Department of Corrections and Community Supervision (DOCCS), and specifically, at the Five Points Correctional Facility. Although Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim," the extraordinarily long and prolix Complaints filed in these cases consist of a combined 235 pages, along with 160 pages of exhibits that are attached to the Complaint in 13-CV-6127.

Defendants have moved to consolidate the two actions (Case #13-CV-6127, Dkt. #21) arguing that there is a significant overlap of Defendants, and that because both actions contain many of the same factual issues – such as the Plaintiff's alleged medical condition – two separate actions could potentially lead to inconsistent results. Further, Defendants argue that having to deal with two sets of discovery, especially with some overlapping Defendants, would be burdensome, both to DOCCS as well as to the Courts. Plaintiff has opposed the motion, and essentially argues that since he filed two separate actions that the Court allowed to proceed past the screening stage, he should be able to proceed with two separate actions[1]. Case #13-CV-6208, Dkt. #9.

Federal Rule of Civil Procedure 42(a) provides that "if actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." In deciding whether consolidation is appropriate, district courts are vested with broad discretion, and consider "whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990). The Second Circuit has further commented that Rule 42 "should be prudently employed as a valuable and important tool of judicial administration…to expedite trial and eliminate unnecessary repetition and confusion."

---

[1] Plaintiff also argues that his access to legal materials, a typewriter, or computer in prison is limited, and that factor should weigh in favor of maintaining two separate actions. However, Plaintiff has now been released from DOCCS custody, so this argument is moot.

*Devlin v. Trans. Commc'n Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) (internal quotation omitted).

With these principles in mind, I find that consolidation of these two actions is appropriate. The actions complained of in both cases revolve around Plaintiff's incarceration at Five Points, and there is significant overlap between the time periods of both actions. Further, there are several common Defendants in both actions, and both Complaints deal with Plaintiff's allegations regarding his medical condition and the diet provided to him by DOCCS. Consolidating these actions would not prejudice either party, and instead, would result in a more efficient manner of managing these cases for both the parties and the Court.

As a result, the Motion to Consolidate cases numbered 13-CV-6127 and 13-CV-6208 is GRANTED. The Clerk of the Court is directed to consolidate both of these actions under case number 13-CV-6127, and all future filings shall be done under docket number 13-CV-6127. After consolidating these cases, the Clerk of the Court is further directed to close case number 13-CV-6208.

IT IS SO ORDERED.

DATED:    July 7, 2014
         Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge