UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JEREMIE SMITH,

                              Plaintiff,

                                                                     Case # 13-CV-6127-FPG

v.

                                                                       DECISION AND ORDER

BRIAN S. FISCHER et al.,

                              Defendants.
_____

On September 19, 2016, *pro se* Plaintiff Jeremie Smith ("Plaintiff") filed a Motion to Appoint Counsel. ECF No. 46. Plaintiff asserts that the Court should appoint him counsel in this matter because he has been unable to retain a lawyer on his own and because he has "little to no legal ability." *Id.* at 1.

There is no constitutional right to appointed counsel in civil cases. Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g., Sears, Roebuck & Co. v. Charles Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). The assignment of counsel in civil cases is within the trial Court's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The Court must consider the issue of appointment carefully, because "every assignment of a volunteer lawyer deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). In determining whether to assign counsel, the Court considers several factors, including whether the indigent's claims seem likely to be of substance; whether the indigent is able to investigate the facts concerning his claim; whether the legal issues are complex; and whether there are special reasons why the appointment of counsel would be more likely to lead to a just determination. *See Hendricks v. Coughlin*, 114 F.3 390, 392 (2d Cir. 1997); *Hodge v. Police Officers,* 802 F.2d 58 (2d Cir. 1986).

After considering these factors, the Court finds that the appointment of counsel is not warranted. At this juncture, it is difficult to tell whether Plaintiff's claims are likely to be of

substance. Plaintiff has submitted roughly 250 pages of letters, affidavits, and exhibits to the Court, and throughout these papers he appears to be articulate and able to adequately present his own claims. Additionally, there are no special reasons that would favor the appointment of counsel at this time. Accordingly, Plaintiff's Motion to Apppoint Counsel (ECF No. 46) is DENIED WITHOUT PREJUDICE. It is Plaintiff's responsibility to either retain counsel or to continue with this action *pro se*.

IT IS SO ORDERED.

Dated: Rochester, New York
January 10, 2017

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court