UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JEREMIE SMITH,

                Plaintiff,

v.

BRIAN S. FISCHER et al.,

                Defendants.

Case # 13-CV-6127-FPG

DECISION AND ORDER

Presently before the Court are *pro se* Plaintiff Jeremie Smith's Motion to Appoint Counsel (ECF No. 50) and Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41(b) (ECF No. 57), which Defendants have since asked the Court to hold in abeyance (ECF No. 63). The Court will address these issues in turn below.

I. **Appointment of Counsel**

On May 4, 2017, Plaintiff moved to appoint counsel. ECF No. 50.[1] Plaintiff asserts that the Court should appoint him counsel because he is a "pro se litigant" who is "not versed in civil law" and because it is "very difficult . . . to properly litigate [this] case by [him]self." *Id.* at 7.

There is no constitutional right to appointed counsel in civil cases, although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e). *See, e.g., Sears, Roebuck & Co. v. Charles Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). The Court must carefully consider whether to appoint counsel, because "every assignment of a volunteer lawyer deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). The Court must consider several factors, including whether the indigent's claims seem likely to be of substance; the indigent's ability to investigate the crucial facts; whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; the indigent's ability to present the case; the complexity of the

---

[1]     The Court denied Plaintiff's previous motion to appoint counsel that he filed on September 19, 2016. ECF Nos. 46, 47.

legal issues; and any special reason why appointment of counsel would be more likely to lead to a just determination. *See Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *Hodge v. Police Officers,* 802 F.2d 58 (2d Cir. 1986).

After considering these factors, the Court finds that the appointment of counsel is not warranted. It is unclear whether Plaintiff's claims are likely to be of substance. Additionally, his voluminous submissions to the Court have been well written and articulate, and he appears able to present his own claims adequately. Moreover, there are no special reasons that would favor the appointment of counsel at this time. Accordingly, Plaintiff's Motion to Appoint Counsel (ECF No. 50) is DENIED WITHOUT PREJUDICE. It is Plaintiff's responsibility to either retain counsel or to continue with this action *pro se*.

## II. Defendants' Motion to Dismiss

On June 20, 2017, Defendants moved to dismiss this action pursuant to Federal Rule of Civil Procedure 41(b) due to Plaintiff's failure to appear for a scheduled deposition. ECF No. 57. On August 3, 2017, Plaintiff responded in opposition to Defendants' motion and alleged that he did not receive written notice informing him of the deposition date and therefore was unaware that a deposition was scheduled. ECF No. 61. Thus, on August 8, 2017, Defendants rescheduled the deposition for September 7, 2017 and requested that the Court hold their motion to dismiss in abeyance until September 8, 2017. ECF No. 63.

In light of the above, Defendants' Motion to Dismiss (ECF No. 57) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: August 9, 2017
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court