UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JEREMIE SMITH,

                              DECISION & ORDER

                Plaintiff,

                              13-CV-6127G

       v.

BRIAN S. FISCHER, et al.,

                Defendants.
_____

        Pending before this Court are two motions. The first, filed by defendants, seeks an extension of the Court-ordered deadlines for discovery until after September 8, 2017, the day after plaintiff was noticed to appear for his deposition. (Docket # 66). The second, filed by plaintiff, seeks an order compelling defendants to provide him with copies of defendants' mandatory disclosures, rather than to make them available to him for inspection. (Docket # 72). Motion scheduling orders were issued on each setting deadlines for the filing of any opposition papers. (Docket ## 73, 74). Plaintiff has filed no opposition to defendants' motion. Defendants have opposed plaintiff's motion. (Docket # 75).

        The affidavit filed in support of defendants' motion to extend affirms that plaintiff failed to appear for his deposition, prompting defendants to move to dismiss the action. (Docket # 66-1 at ¶ 4). Defendants subsequently withdrew the motion upon plaintiff's representation that he had not received the Notice of Deposition. (*Id.* at ¶ 6). Defendants re-noticed plaintiff's deposition for September 7, 2017, and requested through the pending motion that the discovery deadlines be held in abeyance pending plaintiff's deposition. (*Id.* at ¶¶ 8-10). Since the motion was filed, plaintiff's deposition was adjourned until January 16, 2018 (Docket # 70) due to

plaintiff's inability to travel from Florida for his September 7, 2017 deposition because of the state of emergency in Florida relating to Hurricane Irma. (Docket # 72 at 3). On this record, including plaintiff's lack of opposition to the relief requested, defendants' motion is granted. Following plaintiff's deposition on January 16, 2018, the parties are directed to confer on amended scheduling deadlines, and defendants' counsel shall submit a jointly-proposed amended scheduling order by no later than **January 19, 2018**.

With respect to plaintiff's motion (Docket # 72), defendants are directed to make their mandatory disclosures (those documents that respond to paragraph 3 of this Court's May 4, 2017 scheduling order (Docket # 51)) available for inspection by plaintiff upon reasonable notice, including during the week preceding his January 16, 2018 deposition. In addition, defendants are directed to prepare an index of those documents, accompanied by a designation of the number of pages for each document or category of documents indexed. Defendants shall provide a copy of the index to plaintiff and this Court by no later than **November 21, 2017**. Upon receipt and review of the index, plaintiff may request that defendants copy and provide to him without cost a reasonable number of the indexed documents, limited to no more than 200 pages. Defendants shall provide copies of the documents requested by plaintiff within fourteen (14) days of plaintiff's request. If plaintiff wishes to have copies of more than 200 pages, he must reimburse defendants' copying costs at a rate of $ .10 per page. *See*, *e.g.*, *Barnes v. Alves*, 10 F. Supp. 3d 391, 393 n.1 (W.D.N.Y. 2014) (discussing but not determining appropriate copying charges for *pro se* plaintiff) (citing *Hawks v. Diina*, 2006 WL 2806557, *3-4 (W.D.N.Y. 2006) (reasonable for non-party to charge *pro se* incarcerated plaintiff 25 cents per page); *Obiajulu v. City of Rochester*, 166 F.R.D. 293, 297 (W.D.N.Y. 1996) (plaintiff ordered to pay reasonable copying costs not to exceed 10 cents per page); *Koehl v. Green*, 2007 U.S. Dist.

2

LEXIS 97182, *6-8 (N.D.N.Y. 2007) (finding that *pro se* incarcerated inmate should be charged copying costs at a rate of 10 cents per page rather than Department of Correctional Services' customary charge of 25 cents per page)).

## **CONCLUSION**

Accordingly, defendants' motion to adjourn discovery deadlines **(Docket # 66)** is **GRANTED**. Plaintiff's motion to compel **(Docket # 72)** is **GRANTED in part and DENIED in part** as explained more fully above.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
November 14, 2017