UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JEREMIE SMITH,

                                Plaintiff,

          v.

BRIAN S. FISCHER, et al.,

                                Defendants.
_____

                DECISION & ORDER

                13-CV-6127G

Pending before this Court is defendants' motion to compel plaintiff to respond to Defendants' First Set of Document Demands and Interrogatories. (Docket # 83-1). In his opposition, plaintiff provided narrative responses to certain of the interrogatories and attached HIPAA releases. (Docket # 89). Defendants' reply acknowledges that they now have answers to some of the interrogatories, but maintains that they have only partial answers to others and no answers at all to still others. (Docket # 90).

This Court's review of the interrogatories (Docket # 80) and the responses contained in plaintiff's opposition papers reveals that plaintiff's responses are not complete. By no later than **October 31, 2018**, plaintiff is directed to supplement his responses in accordance with Rules 33 and 34 of the Federal Rules of Civil Procedure and the following directives:

> Third, Fourth, Sixth Demands: Plaintiff shall respond to these requests (interrogatories and accompanying requests for documents) as no substantive responses are included in his opposition.
>
> Second Demand: Plaintiff shall identify and produce copies of all grievances he filed relating to his claims in this action. As to those grievances for which some records have been produced (FPT-25373-11, FPT-25525-11, FPT-25948, FPT-25428-11, WDE-34954-11), plaintiff is directed to provide any other records

he has relating to those grievances.  In addition, although his opposition references grievance FPT-25978-12 as "directly related to the denial of my meals, Jevity nutritional supplement and psychiatric medications" and states that he has attached it as Exhibit O (Docket # 89 at 20-23), Exhibit O to his opposition actually attaches grievance WDE-24954-11.  Thus, plaintiff should produce copies of grievance FPT-25978-12 and records relating to it.

<u>Fifth Demand</u>:  Plaintiff shall provide the names of any DOCCS staff members (other than Casper, Cheasman and Weinstock) who he claims denied him food or food supplements, the dates or approximate dates on which the staff member denied him food or supplements, the type of food or supplement denied, and the reason given, if any, for the denial.

Although defendants' reply seeks to include in the order a directive that plaintiff clarify his response to the second interrogatory in Defendants' Second Set of Document Demands and Interrogatories (Docket # 88), that discovery request was served after defendants' filed their pending motion to compel.  Accordingly, it is not within the scope of the instant motion.  To avoid further motion practice, plaintiff is encouraged to review his response to the interrogatory and clarify in writing whether he recalls any dates other than July 8, 2011 on which he was subject to razor deprivation.

## **CONCLUSION**

For the reasons stated above, defendants' motion to compel **(Docket # 83)** is **GRANTED in PART and DENIED in PART**.  By no later than **October 31, 2018**, plaintiff must supplement his responses as directed herein.

**IT IS SO ORDERED.**

<i>s/Marian W. Payson</i><br>
MARIAN W. PAYSON<br>
United States Magistrate Judge

Dated: Rochester, New York
      October 16, 2018