UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JEREMIE SMITH,

                              Plaintiff,        Case # 13-CV-6127-FPG

v.

                                                     DECISION AND ORDER

BRIAN FISCHER, et al.,

                              Defendants.

## INTRODUCTION

*Pro se* Plaintiff Jeremie Smith brings this action pursuant to 42 U.S.C. § 1983 for Defendants' alleged violation of his constitutional rights while he was incarcerated at Five Points Correctional Facility. ECF No. 1.

Before the Court is Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 37 for Plaintiff's failure to comply with a Court order directing him to produce certain discovery materials. ECF No. 94. Defendants also seek $1,440 in attorney's fees incurred in connection with Defendants' previous motion to compel (ECF No. 83) and the current motion to dismiss. For the reasons that follow, the Court denies Defendants' motion and declines to award attorney's fees.

## BACKGROUND

On October 16, 2018, United States Magistrate Judge Marian W. Payson issued a Decision and Order granting in part and denying in part Defendants' Motion to Compel Plaintiff to respond to document demands and interrogatories. ECF No. 92. Judge Payson ordered Plaintiff to respond to Defendants' second, third, fourth, fifth, and sixth demands by October 31, 2018. *Id.* On that date, attorney Brian M. Dratch filed a notice of appearance on Plaintiff's behalf. ECF No. 93.

On November 14, 2018, Defendants filed the pending motion to dismiss, arguing that they still have not received the discovery that Judge Payson ordered Plaintiff to produce. ECF No. 94. Before Defendants filed the motion, it appears that defense counsel was unsuccessful in his efforts to contact Mr. Dratch and obtain the missing discovery materials.

On December 16, 2018, Plaintiff responded in opposition to Defendants' motion, arguing that, since October 31, 2018, he sent defense counsel authorizations to obtain his medical records and 288 pages of documents. ECF No. 96. Mr. Dratch indicated that he did not have the interrogatories or Rule 26 disclosure documents and that he was "attempting to comply as quickly as possible" but had only been involved in this case for about six weeks. *Id.* Nonetheless, Defendants contends that certain discovery requests are still outstanding.

Since then, many things have changed in this case: the parties stipulated to dismissing nearly 30 defendants; Plaintiff filed an Amended Complaint[1]; the relationship between Plaintiff and Mr. Dratch broke down and Plaintiff is proceeding *pro se* again; and Plaintiff has been in and out of inpatient mental health facilities for treatment. ECF Nos. 101, 102, 109, 117, 119, 120.

## DISCUSSION

**I.     Dismissal under Federal Rule of Civil Procedure 37(b)(2)(A)(v)**

Under Rule 37(b), a court may dismiss a case or impose other sanctions if a party does not obey an order to provide or permit discovery. *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 106-07 (2d Cir. 2002). In evaluating whether to dismiss a case for this reason, a court considers: "1) the willfulness of the non-compliant party or the reason for noncompliance; 2) the duration of the period of non-compliance; 3) whether the non-compliant party had been warned of the consequences of noncompliance; and 4) the efficacy of lesser sanctions." *Ferrer v. Fischer*,

---

[1] Defendants have not answered or otherwise responded to the Amended Complaint, even though it was filed over five months ago.

No. 9:13-CV-0031 NAM/ATB, 2014 WL 5859139, at *2 (N.D.N.Y. Nov. 12, 2014) (citation omitted). Dismissal is a "harsh remedy" to be used "only in extreme situations." *Id.* (citation omitted).

The Court declines to analyze each factor here because it finds that the third factor precludes dismissal; that is, Plaintiff has not been warned that his non-compliance with Defendants' discovery demands could result in the dismissal of his case. The Second Circuit has repeatedly affirmed that courts may not dismiss a *pro se* litigant's case under Rule 37 without warning him of the consequences of not complying with discovery obligations. *See*, *e.g.*, *S.E.C. v. Setteducate*, 419 F. App'x 23, 24 (2d Cir. 2011) ("[e]ven the most severe Rule 37 sanctions may be imposed even against a plaintiff who is proceeding *pro se*, *so long as* a warning has been given that noncompliance can result in a sanction") (quotation marks omitted and emphasis added) (summary order); *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (same).

Consistent with this settled authority, courts routinely deny motions to dismiss based on a *pro se* litigant's non-compliance with discovery orders where the litigant had not been warned in advance that his non-compliance could result in dismissal. *See*, *e.g.*, *Velazquez v. Vermont Dep't of Corr.*, No. 2:07 CV 244, 2009 WL 819445, *2 (D. Vt. 2009) (declining to order dismissal where *pro se* plaintiff did not appear for a deposition or respond to written discovery requests but "ha[d] not yet been warned that his failure to participate in discovery might result in the dismissal of his case"); *Burke v. Miron*, No. 3:07CV1181(RNC), 2009 WL 952097, *1 (D. Conn. 2009) (declining to dismiss the *pro se* plaintiff's case for non-compliance with discovery, even though he was "a prolific and experienced litigator" because "Second Circuit precedent require[es] a clear warning to *pro se* litigants" that their case may be dismissed). Accordingly, the Court denies Defendants' motion to dismiss this case.

## II. Request for Attorney's Fees

Defendants also ask for attorney's fees pursuant to Rule 37(a)(5)(A) and (d)(3). Under both subsections, the Court "must" require the offending party to pay the movant's reasonable attorney's fees incurred after notice if the Court previously granted the moving party's motion to compel or if the offending party previously failed to respond to interrogatories. Despite the compulsory language in Rule 37, "a district court has wide discretion in sanctioning a party for discovery abuses." *Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 267 (2d Cir. 1999). A court may deny a request for fees where (1) the movant did not make a good faith effort to resolve the dispute before filing the motion; (2) the non-moving party's failure to provide the discovery response was "substantially justified"; or (3) the award of fees would be unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

The Court finds that awarding fees to Defendants on the facts before it would be unjust. First, although Plaintiff responded to Defendants' motion, the Court has not supplied Plaintiff with the requisite notice before either awarding fees, dismissing the case, or imposing other sanctions, as discussed above. Second, Plaintiff has been proceeding *pro se* for a substantial portion of the case and *in forma pauperis* for the entirety of it. Awarding Defendants over $1,000 in attorney's fees would place an unreasonable burden upon Plaintiff, who could not afford the filing fee to bring this action. Defendants acknowledge as much in their brief. ECF No. 94-2 at 3 ("Defendants understand that a monetary fine to a party who is a pauper can be entirely meaningless."). Consequently, the Court declines to award fees under the circumstances. *See Jayne v. Bosenko*, No. 2:08-cv-02767-MSB, 2014 WL 2801201, at *2 (E.D. Cal. June 19, 2014) (declining to impose sanctions under Rule 37(a)(5) against a *pro se* prisoner proceeding *in forma pauperis* because doing so would be unjust).

## CONCLUSION

Defendants' Motion to Dismiss (ECF No. 94) is DENIED in its entirety. The Court directs Plaintiff to provide defense counsel with the discovery he seeks—and that Judge Payson has ordered him to produce—by November 1, 2019. The Court warns Plaintiff that his failure to provide the discovery or otherwise obey future Court orders may result in sanctions, including the dismissal of this case with prejudice.

    IT IS SO ORDERED.

Dated: September 30, 2019
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court